UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIESKYS V.S., | |
| Petitioner, | No. 1:26-cv-04601-TLN-AC |
| v. | A # 246-209-501 |
| WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, | **ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Alieskys V.S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1, 2.) Respondent filed a response. (ECF No. 9.) For the reasons set forth below, Petitioner's Habeas Petition is GRANTED.[2] (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

[1]     The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]     On June 26, 2026, the Court issued a minute order granting Petitioner's Habeas Petition and ordering his immediate release. (ECF No. 10.) This Order explains the Court's reasoning.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an asylum-seeker who entered the United States on November 2, 2022.  (ECF No. 1 at 5, 29.)  After presenting himself to immigration authorities at the border, Petitioner was released on recognizance into the United States and instructed to attend routine check-ins every year.  (*Id.* at 5, 26, 31.)  In the time that followed, Petitioner never missed his annual immigration check-in appointment.  (*Id.* at 5.)  Petitioner resided in Texas.  (*Id.* at 45.)  He received work authorization and was employed as a shop foreman.  (*Id.* at 22–23, 43.)  Petitioner applied for asylum and permanent residency.  (*Id.* at 5, 29, 32–33.)  He does not have a final order of removal.  (*Id.* at 5.)  He has no criminal history.  (*Id.* at 5.)  He submits several letters of support from coworkers and friends, as well as from his partner, who is permanent resident.  (*Id.* at 40–43, 46–47.)

On December 31, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") at his routine check-in appointment.  (*Id.* at 5, 25.)  He was arrested without a warrant or explanation.  (*Id.* at 5.)  Petitioner was later told he was being detained due to his immigration status.  (*Id.*)  He has now been detained for nearly six months without an opportunity to challenge his detention.  (*Id.* at 5–6.)  Petitioner's detention has separated and prevented him from providing for his partner and children.  (*Id.* at 6.)

On June 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention.  (*Id.* at 18–19.)  Petitioner seeks immediate release.  (*Id.* at 19.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 18–19.) In opposition, Respondent contends Petitioner does not possess a right to freedom because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 9 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d

3

1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause.  The government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  *Morrissey*, 408 U.S. at 482.  Petitioner maintains that he has complied with the terms of his release, and Respondent does not dispute this.  Further, Petitioner has lived in the United States for over three years, during which time he pursued his immigration case and built a life, working to support his partner and developing ties to his community.  The time Petitioner spent released in this country and the meaningful community connections he appears to have made in that time create a powerful interest for Petitioner in his continued liberty.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

The Court is not persuaded by Respondent's argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's position that § 1225(b)(2) applies to noncitizens like Petitioner residing in the United States pending the outcome of their immigration proceedings.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).  Respondent puts forth no new arguments or facts justifying a

different conclusion in this case.  Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2).  Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

**B.    Process Required**

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe*, 787 F. Supp. 3d at 1094.  Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes.  *Hernandez*, 872 F.3d 976.  Respondent does not argue Petitioner is a danger to the public or a flight risk.  Petitioner has no criminal history, has complied with the terms of his release, has applied for asylum and legal residency, and has demonstrated ties to his community in this country including his permanent resident partner.  The risk that he is being detained without proper justification is therefore exceedingly high.  *A.E. v.*

5

*Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low.  The effort and cost required to provide Petitioner procedural safeguards are minimal.  *See Doe*, 787 F. Supp. 3d at 1094.  Notice and custody determination hearings are routine processes for the government.  Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.  Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither.  Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.  (ECF No. 1.)  IT IS HEREBY ORDERED:

1.     **Within two (2) court days** from the date of this Order, Respondent shall file a notice certifying compliance with the Court's order that Petitioner be immediately released from custody.  (ECF No. 10.)

2.     Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.     Petitioner's Motion for TRO is DENIED as moot.  (ECF No. 2.)

4.     The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

//

IT IS SO ORDERED.

Date: June 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE